**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKE LUCIANA, LLC, | |
| Plaintiff, | No. C 09-04131 JSW |
| v. | **ORDER GRANTING MOTION TO DISMISS AND/OR TO STAY** |
| COUNTY OF NAPA, et al., | |
| Defendants. | |

## INTRODUCTION

Now before the Court for consideration is the Motion to Dismiss and/or to Stay filed by Defendants the County of Napa, the Napa County Board of Supervisors, Brad Wagenknecht, Diane Dillon, Mark Luce, Bill Dodd, and Keith Caldwell (collectively "Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for November 6, 2009. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court GRANTS Defendants' motion.

## BACKGROUND

On June 1, 2007, Plaintiff Lake Luciana, LLC ("Luciana") submitted a Use Permit Application (the "Application"), in which it sought approval to allow construction of a golf course and attendant buildings and improvements on 226 acres located in the County. (Compl. ¶¶ 4, 14.) According to Luciana, staff on the County Planning Commission consistently supported approval of the Application. However, when the matter was submitted to the

Planning Commission for formal approval, it denied the Application, a decision that Luciana contends was predetermined. (*Id.* ¶¶ 16-21.) Luciana appealed that decision to the Board, which upheld the Planning Commission's decision. (*Id.* ¶¶ 22-25.) Luciana contends that two members of the Board, defendants Dillon and Wagenknecht, had undisclosed conflicts, which biased them against Luciana. Luciana also contends that defendant Wagenknecht's decision to deny Luciana's appeal was retaliatory, because Luciana responded to inquiries about an attempted shakedown by a former Planning Commissioner. (*Id.* ¶¶ 28-30.) Luciana further alleges that there were other procedural irregularities during the appeal process that resulted in the denial of a fair hearing. (*Id.* ¶¶ 24, 31-33.)

On August 31, 2009, Luciana filed a complaint in Napa County Superior Court in which it petitioned for a Writ of Administrative Mandate, alleged violations of the Brown Act, and alleged a claim under 42 U.S.C. § 1983 for denial of substantive due process rights under the federal and state constitutions (hereinafter the "State Complaint"). (*See* Defendants' Request for Judicial Notice, Ex. C.) The State Complaint is premised, in part, on the factual allegations set forth above. (State Complaint ¶¶ 27-33.)

On September 4, 2009, Luciana filed the Complaint in this action, pursuant to Section 1983, in which it alleges violations of its Due Process rights under the Fourteenth Amendment, violations of its Equal Protection rights under the Fourteenth Amendment, and violations of its right to Free Speech under the First Amendment.

**ANALYSIS**

Defendants move to dismiss and to stay on the basis that abstention is appropriate under either *Younger v. Harris*, 401 U.S. 37 (1971) or *Railroad Commission v. Pullman*, 312 U.S. 496 (1941).[1] "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). However, in *Younger*, the Supreme Court also "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel,* 203 F.3d

---

[1] Because the Court concludes that abstention under *Younger* is appropriate, it does not reach the issue of whether abstention would be appropriate under *Pullman.*

2

610, 613 (9th Cir.2000) (internal quotations omitted). A court must "abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing, *inter alia*, *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) and *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004)). If the *Younger* doctrine applies, the Court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings. *See Gilbertson*, 381 F.3d at 968.

Although Luciana contends that Defendants cannot demonstrate that the first three prongs of the *Younger* test are satisfied, it offers no substantive arguments in support of its position. (*See* Opp. Br. at 8:10-14.) It is undisputed that Luciana initiated suit in state court before filing the instant action and it also is undisputed that the state proceeding is ongoing.[2] Therefore, the first prong of the *Younger* test is satisfied.

The second prong of the *Younger* test requires the Court to determine whether the state court proceedings implicate important state interests. "'The importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case.'" *San Jose Silicon Valley*, 546 F.3d at 1094 (quoting *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003)). The state court proceeding implicates the County's land use regulations, which courts have concluded implicate important state interests. *See, e.g., Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.2d

---

[2] Luciana argues that the *Younger* doctrine should not apply because it also is the plaintiff in the state court proceedings. However, as Defendants correctly note, the Ninth Circuit has applied the *Younger* doctrine in circumstances where the federal plaintiff also is the state plaintiff. *See, e.g., Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1188-89 (9th Cir. 2008); *see also Concord Communities, L.P. v. City of Concord*, 2006 WL 449135, at *1 (N.D. Cal. Feb. 23, 2006).

3

791, 801 (9th Cir. 2001). Similarly, the state court proceeding touches upon whether the Board acted in compliance with the Brown Act, which provides that:

> the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.
>
> The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.

Cal. Gov. Code § 54950. In light of this declaration of legislative intent, the Court concludes that the state court proceedings implicate important state interests. Thus, the second prong of the *Younger* test is satisfied.

Luciana does not contend that it would not have the opportunity to raise its constitutional claims in the state proceedings. Indeed, it asserts a federal constitutional claim for violations of its Fourteenth Amendment right to substantive due process, which is premised upon the same facts that support the constitutional claims in this case. The Court finds that the third prong of the *Younger* test is satisfied.

Luciana's argument against *Younger* abstention rests primarily on the contention that Defendants cannot show that this proceeding "would enjoin the [state court] proceeding or have the practical effect of doing so." *San Jose Silicon Valley*, 546 F.3d at 1092. In *Gilbertson*, the Ninth Circuit held that abstention under *Younger* is proper even when the federal proceeding would not "directly interfere" in the pending state proceedings. *Gilbertson*, 381 F.3d at 978; *see also San Jose Silicon Valley*, 546 F.3d at 1096 n.4. Thus, *Younger* abstention is appropriate where a plaintiff seeks declaratory relief, "because a declaration has the same practical effect on a state court proceeding as an injunction." *Gilbertson*, 381 F.3d at 977. The *Gilbertson* court also stated that abstention may be appropriate in a Section 1983 claims for damages because a determination of whether a constitutional violation occurred

> would frustrate the state's interest in administering its judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal law. Therefore, a

4

determination that the federal plaintiff's constitutional rights were violated would be just as intrusive as a declaratory judgment.

*Id.* at 980.

In the state court proceedings, Luciana requests relief in the form of a writ of mandate requiring that the Board set aside its decisions regarding Luciana's application and a declaration that the Board's actions were null and void. Here, in addition to damages, Luciana seeks a declaratory judgment that "Defendants' policies, practices, and conduct as alleged herein were in violation of Luciana's rights under the United States Constitution and the laws of the United States." (Compl. at 11.) Although the facts alleged here and in the state court proceedings may support several alleged federal constitutional violations, the Court cannot say the issues raised by Luciana's claims in this Court are wholly unrelated to the issues in the pending state proceedings. Therefore, the Court finds that the instant action "would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley*, 546 F.3d at 1092.

Accordingly, the Court concludes that abstention under *Younger* is appropriate. To the extent Luciana seeks equitable relief, the claims are dismissed without prejudice. To the extent Luciana seeks damages, its claims are stayed pending resolution of the state court proceedings. *See Gilbertson*, 381 F.3d at 968.

**CONCLUSION**

For the foregoing reasons, Defendants' motion is GRANTED, and this action is STAYED. It is FURTHER ORDERED that the parties shall submit a joint status report to the Court every 120 days from the date of this Order advising the Court of the status of the state court proceedings until such time as the stay is lifted.

**IT IS SO ORDERED.**

Dated: November 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5