**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKE LUCIANA, LLC, | |
| Plaintiff, | No. C 09-04131 JSW |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING AS MOOT MOTION FOR LEAVE TO AMEND** |
| COUNTY OF NAPA, et al., | |
| Defendants. | |

## INTRODUCTION

Now before the Court for consideration are the Motions for Reconsideration and for Leave to file an Amended Complaint, filed by Plaintiff Lake Luciana, LLC ("Lake Luciana"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for February 5, 2010. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court DENIES Lake Luciana's motion for reconsideration and DENIES AS MOOT the motion for leave to amend.

## BACKGROUND

On June 1, 2007, Plaintiff Lake Luciana, LLC ("Luciana") submitted a Use Permit Application (the "Application"), in which it sought approval to allow construction of a golf course and attendant buildings and improvements on 226 acres located in the County. (Compl. ¶¶ 4, 14.) According to Luciana, staff on the County Planning Commission consistently supported approval of the Application. However, when the matter was submitted to the

1    Planning Commission for formal approval, it denied the Application, a decision that Luciana
2    contends was predetermined. (*Id.* ¶¶ 16-21.) Luciana appealed that decision to the Board,
3    which upheld the Planning Commission's decision. (*Id.* ¶¶ 22-25.) Luciana contends that two
4    members of the Board, defendants Dillon and Wagenknecht, had undisclosed conflicts, which
5    biased them against Luciana. Luciana also contends that defendant Wagenknecht's decision to
6    deny Luciana's appeal was retaliatory, because Luciana responded to inquiries about an
7    attempted shakedown by a former Planning Commissioner. (*Id.* ¶¶ 28-30.) Luciana further
8    alleges that there were other procedural irregularities during the appeal process that resulted in
9    the denial of a fair hearing, and that other property owners were treated differently. (*Id.* ¶¶ 24,
10   26, 31-33.)

11   On August 31, 2009, Luciana filed a complaint in Napa County Superior Court in which
12   it petitioned for a Writ of Administrative Mandate, alleged violations of the Brown Act, and
13   alleged a claim under 42 U.S.C. § 1983 for denial of substantive due process rights under the
14   federal and state constitutions. The state petition is premised in part on the factual allegations
15   set forth above.

16   On September 4, 2009, Luciana filed the Complaint in this action, pursuant to Section
17   1983, in which it alleged violations of its procedural due process rights under the Fourteenth
18   Amendment, violations of its Equal Protection rights under the Fourteenth Amendment, and
19   violations of its right to Free Speech under the First Amendment. In response, Defendants, the
20   County of Napa, the Napa County Board of Supervisors, Brad Wagenknecht, Diane Dillon,
21   Mark Luce, Bill Dodd, and Keith Caldwell (collectively "Defendants"), moved to dismiss or to
22   stay the action on the basis of *Younger* and *Pullman* abstention.

23   On November 4, 2009, the Court granted Defendants' motion pursuant to *Younger*,
24   dismissed Lake Luciana's claims for injunctive relief and stayed its claims for damages. (*See*
25   Docket No. 15 ("Stay Order").) Plaintiffs move to reconsider the Court's Stay Order on the
26   basis that, on October 27, 2009, Defendants rescinded the June 2009 decisions to deny the
27   appeal and scheduled a new administrative hearing. (*See* Declaration of David H. Blackwell
28   ("Blackwell Decl."), ¶¶ 2-3.) Lake Luciana objected to Defendants' attempt to rescind the June

2

2009 rulings. (*Id.*, ¶ 4.) Indeed, although it did not mention this fact in its motion for reconsideration, Lake Luciana amended its state court petition and sought a peremptory writ of mandate seeking to invalidate the Board's October 27, 2009 decision. (Defendants' Request for Judicial Notice ("RJN"), Exs. A-C.)[1] Lake Luciana prevailed on that peremptory writ of mandate, and the California Court of Appeal denied Defendants' petition for writ of mandate and stay. (*See* Declaration of Stephen S. Walters ("Walters Decl."), ¶¶ 2-3; Plaintiff's Request for Leave to Submit Supplementary Material, Ex. A.)[2] Lake Luciana also dropped its Brown Act claim in the state court proceedings. (Blackwell Decl., ¶¶ 4-5; RJN Ex. A.)

Lake Luciana contends that these changed factual circumstances require the Court to find that *Younger* abstention is not warranted and to vacate its Stay Order.

**ANALYSIS**

As set forth in the Stay Order, a court must "abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing, *inter alia*, *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) and *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004)). If the *Younger* doctrine applies, the Court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings. *See Gilbertson*, 381 F.3d at 968.

Although there have been a number of factual developments in this case, the state proceeding remains pending, and it is undisputed that Lake Luciana would not be barred from

---

[1] Defendants' Request for Judicial Notice is GRANTED. *See* Fed. R. Civ. P. 201.

[2] On January 27, 2010, Lake Luciana filed an administrative request for leave to submit supplementary material in support of the motion. Defendants have not opposed that request and the time to file an opposition has expired. *See* N.D. Civ. L.R. 7-11(b). The Court finds good cause to grant the request.

3

1  litigating federal constitutional issues in that proceeding. Accordingly, the Court need not
2  revisit its analysis of the first and third prongs.

3  Lake Luciana argues that because it has dropped its Brown Act claim in the state court
4  proceedings, this case no longer implicates important state interests. The Court disagrees. The
5  state interests implicated by Brown Act claim were only one reason the Court concluded that
6  the second prong of *Younger* had been satisfied. However, as it noted in its Stay Order, the
7  state court proceeding also implicates the County's land use regulations, which courts have
8  concluded implicate important state interests. Further, the Court concludes that *Columbia Basin*
9  *Apartment Ass'n v. City of Pasco*, 268 F.3d 791 (9th Cir. 2001), *San Remo Hotel v. City and*
10 *County of San Francisco*, 145 F.3d 1095 (9th Cir. 1998), and *Concord Communities, L.P. v.*
11 *City of Concord*, 2006 WL 449135 (N.D. Cal. Feb. 23, 2006) cannot be read as narrowly as
12 Lake Luciana urges. That is, those cases do not hold that a land-use case must relate to
13 enforcement of a land-use regulation in order to satisfy the second prong of *Younger*. Rather,
14 Lake Luciana's argument to that effect is better considered in the context of the fourth prong,
15 *i.e.*, whether the federal court action would enjoin the state court proceeding or have the
16 practical effect of doing so. Thus, although the state court proceeding no longer involves a
17 Brown Act claim, the Court finds no basis on which to revisit its conclusion that the second
18 prong of the *Younger* test is satisfied in this case.

19 Once again, Lake Luciana's primary argument in favor of reconsideration rests its
20 assertion that this proceeding will not "enjoin the [state court] proceeding or have the practical
21 effect of doing so." *San Jose Silicon Valley*, 546 F.3d at 1092. Lake Luciana relies on the fact
22 that Defendants rescinded the June 2009 rulings to argue that through *this* case, it seeks only to
23 remedy completed actions and past violations of its constitutional rights. According to Lake
24 Luciana, this will not interfere with the state proceedings or have the practical effect of doing
25 so. However, the Defendants attempt to rescind the June 2009 rulings has been mooted.
26 Therefore, the Court concludes that notwithstanding the subsequent factual developments, Lake
27 Luciana is, in essence, rearguing points raised in its initial opposition brief. The Court finds no
28 basis to revisit that decision.

4

1    The Ninth Circuit has noted that abstention is not required "whenever a suit involves
2 claims or issues simultaneously being litigated in state court merely because whichever court
3 rules first will, via the doctrines of res judicata and collateral estoppel, preclude the other from
4 deciding that claim or issue." *AmerisourceBergen v. Roden*, 495 F.3d 1143, 1151 (9th Cir.
5 2007). Lake Luciana asserts that is the case here. However, the Ninth Circuit also noted that
6 "abstention to avoid concurrent, duplicative litigation is available in some very limited
7 circumstances, *in particular, when the requested relief in federal court is a declaratory
8 judgment.*" *Id.* (emphasis added). Lake Luciana still seeks relief in state court in the form of a
9 writ of mandate requiring that the Board set aside its decisions regarding Lake Luciana's
10 application and a declaration that the Board's actions were null and void. In its original
11 complaint in this Court, Lake Luciana sought declaratory relief in connection with its
12 constitutional claims, and it continues to seek declaratory relief in the proposed amended
13 complaint. (*Compare* Compl. at 11:18-20, *with* Docket No. 16, Ex. A (Am. Compl. at 12:25-
14 27).)

15    The Court was aware of and considered *AmerisourceBergen* when it issued the Stay
16 Order. However, the Court found the facts and procedural posture of this case to be in line with
17 the facts and procedural posture of *Gilbertson*. None of the newly presented facts require the
18 Court to revisit that determination. Accordingly, the Court finds no basis to reconsider its
19 conclusion that the fourth prong of *Younger* is satisfied in this case. (*See* Stay Order at 4:19-
20 5:13.)

21    Lake Luciana also asserts that the Court could lift the stay as to the Equal Protection and
22 First Amendment claims, citing *Act Now To Stop War and End Racism Coalition v. District of
23 Columbia*, 589 F.3d 433 (D.C. Cir. 2009) and *Cedar Rapids Cellular Telephone, L.P. v. Miller*,
24 280 F.3d 874 (8th Cir. 2002). However, in *Gilbertson*, the plaintiff brought claims for violations
25 of his First Amendment and Equal Protections rights in the federal case, which he had not
26 asserted in state proceedings, although he could have. The court concluded, however, that all of
27 the plaintiff's federal claims should be stayed pending resolution of the state proceedings. The
28

Court declines to revisit its ruling that abstention is warranted as to each of Lake Luciana's claims in this action.

## CONCLUSION

For the foregoing reasons, Lake Luciana's motion for reconsideration is DENIED, and its motion to amend the complaint is DENIED AS MOOT. If and when the stay in this action is lifted, Lake Luciana may renew its motion to amend. Because the Court is not lifting the stay, it is FURTHER ORDERED that the parties shall continue to submit joint status reports to the Court every 120 days from the date of this Order advising the Court of the status of the state court proceedings until such time as the stay is lifted.

**IT IS SO ORDERED.**

Dated: February 2, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE